**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF OHIO**
**WESTERN DIVISION**

| | | |
|---|---|---|
| **WILLIE GRIFFIN,** 8174 Sea Mist Court West Chester, OH 45069 | : : : | Case No. 1:22-cv-270 Judge |
| Plaintiff, | : : | |
| v. | : : | |
| **SIEMENS INDUSTRY, INC.** 4620 Forest Avenue Norwood, OH 45212 c/o CT Corporation System 4400 Easton Commons Way Suite 125 Columbus, OH 43219 | : : : : : : : : : | **COMPLAINT WITH JURY DEMAND** |
| Defendant. | : | |

Plaintiff Willie Griffin complaining of Defendant Siemens Industry, Inc. states as follows:

## PARTIES

1. Plaintiff Willie Griffin ("Plaintiff" or "Griffin") is a resident and citizen of the State of Ohio.

2. Defendant Siemens Industry, Inc. ("Defendant" or "Siemens") is a foreign corporation that operates in Ohio.

3. At all relevant times herein, Defendant owned, managed, and operated its facility in Norwood, Ohio.

4. Defendant is an employer within the meaning of state and federal law.

## JURISDICTION AND VENUE

5. This Court has jurisdiction to hear this case pursuant to 28 U.S.C. § 1331 because

1

it arises under the laws of the United States, including the Title VII of the Civil Rights Act of 1964 ("Title VII") 42 U.S.C. § 2000e *et seq*.

6. Plaintiff timely filed a Charge of Discrimination with the Equal Employment Opportunity Commission ("EEOC"). He filed that Charge less than 300 days after being notified of his termination. Plaintiff received a Notice of Right to Sue from the EEOC dated February 25, 2022, and this Complaint is filed within 90 days of receipt of the Notice.

7. This Court has personal jurisdiction over Plaintiff who is a citizen and resident of the State of Ohio.

8. This Court has personal jurisdiction over Defendant which operates and conducts its business in Ohio, avails itself of Ohio law, and caused tortious injury in Ohio.

9. This Court is a proper venue because Defendants conducted activity in Hamilton County, Ohio in this Division and District that gave rise to the legal claims in this Complaint.

## FACTUAL ALLEGATIONS

10. Mr. Griffin is African American.

11. Mr. Griffin was hired by Siemens on November 18, 1985, as a Rotor & Strator Core Arm and Pole Assembler.

12. At the time of his termination on March 18, 2021, Mr. Griffin was a Quality Inspector in the Quality Department.

13. Mr. Griffin worked at Siemens for over 35 years.

14. At all relevant times, Mr. Griffin was fully qualified for his position.

15. On March 16, 2021, Mr. Griffin was verbally and physically assaulted by a Caucasian co-worker, James Thompson ("Thompson").

16. Mr. Thompson was also a Quality Inspector in the Quality Department.

17. Mr. Thompson was hired by Siemens on April 18, 1994.

18. Mr. Thompson worked at Siemens for 26 years.

19. During his tenure, Mr. Thompson was the subject of numerous, documented workplace violations.

20. Many of these violations were violent in nature and he had threatened Mr. Griffin with violence previously.

21. Mr. Thompson was issued a last chance letter on February 4, 2014, for violating workplace guidelines regarding fighting, violence, disorderly conduct, threatening, and/or intimidation.

22. On October 17, 2016, Mr. Thompson was issued a written warning for violating workplace guidelines regarding fighting, violence, disorderly conduct, threatening, and/or intimidation.  This warning directly involved Mr. Thompson's conduct toward Mr. Griffin.

23. The conduct regarding this warning was as follows:

24. Mr. Thompson stared at Mr. Griffin and then put up his middle finger and said, "f**k you."

25. Mr. Thompson became enraged when Mr. Griffin responded, and started shouting, "f**k you, you lazy mother f**ker" repeatedly. At the same time Mr. Thompson began approaching Mr. Griffin.

26. Mr. Griffin told Mr. Thompson to back up away from him.

27. Mr. Thompson did not back away.

28. Mr. Thompson grabbed a crowbar, continued approaching Mr. Griffin in a threatening manner, and continued shouting "f**k you" repeatedly.

29. Although Mr. Thompson did not resort to physical violence, he should have been immediately terminated because of his history of violent behavior, including a last chance agreement. However, despite his violent on the job history, Mr. Thompson was only issued a written warning for shouting profanity and picking up a crowbar and angrily approaching Mr. Griffin in a threatening manner.

30. On August 8, 2018, Mr. Thompson was coached regarding a verbal argument with Mr. Griffin.

31. On or about January 22, 2019, Mr. Thompson was suspended for violating the company's policy against fighting and threatening behavior, but again not terminated.

32. In September 2019, Mr. Thompson was in a documented verbal altercation with Mr. Griffin.

33. Upon information and belief, there are more documented incidents of Mr. Thompson's violent and threatening behavior.

34. Despite the numerous accounts of violent behavior after Mr. Thompson's 2014 last chance warning, he was not terminated until after March 16, 2021.

35. At all relevant times, Siemens, its agents and employees, knew or reasonably should have known about Mr. Thompson's violent nature, particularly regarding Mr. Griffin.

36. On March 16, 2021, Mr. Thompson again violated work rules by verbally and physically assaulting Mr. Griffin.

37. That morning Mr. Griffin was rechecking parts and he asked Mr. Thompson a question about a "fault" he wrote on one of the parts.

38. Mr. Thompson responded, "You dumb mother**ker. Don't you know how to inspect quality."

39. Mr. Thompson approached Mr. Griffin and got into his face and his space.

40. Mr. Thompson called Mr. Griffin a "dumb mother**ker" again and bumped his chest.

41. Mr. Griffin extended his arms to keep himself from losing balance after Mr. Thompson assaulted him.

42. When Mr. Griffin put his arms out, Mr. Thompson fell to the ground pretending to have been pushed.

43. Mr. Thompson then stood up and told Mr. Griffin, "You f**ked up now. I got you now."

44. Thereafter, both Mr. Thompson and Mr. Griffin reported the altercation to supervisors.

45. Both Mr. Thompson and Mr. Griffin were suspended pending investigation.

46. Both Mr. Thompson and Mr. Griffin were terminated on March 18, 2021, following the alleged investigation.

47. The investigation write-up inaccurately indicated that both Mr. Thompson and Mr. Griffin admitted to violations of the Standards of Conduct and the Plant Shop Rules.

48. However, although Mr. Thompson admitted to shouting profanity at Mr. Griffin and walking towards him, Mr. Griffin truthfully reported that Mr. Thompson again initiated the confrontation, invaded his personal space, and bumped him in the chest. Mr. Griffin merely extended his arms to protect himself and keep from falling backwards.

## COUNT I
### Race Discrimination – Title VII

49. Plaintiff realleges the foregoing paragraphs as if fully rewritten herein.

50. Defendant unlawfully terminated Plaintiff because of his race and treated him less favorably than similarly situated Caucasian employees, including, but not limited to Mr. Thompson. Upon information and belief, Defendant tolerated multiple instances of violent and threatening behavior by Mr. Thompson because he is Caucasian, behavior he would have been terminated for if he was African American.

51. Upon information and belief, Defendant engaged in a pattern and practice of race discrimination.

52. This disparate treatment was unlawful pursuant to Title VI of the Civil Rights Act of 1964, as amended.

53. As a direct and proximate result of Defendant's unlawful discriminatory conduct, Plaintiff has been injured and is entitled to damages.

## COUNT II
### Race Discrimination – O.R.C. § 4112.02

54. Plaintiff realleges the foregoing paragraphs as if fully rewritten herein.

55. Defendant unlawfully terminated Plaintiff because of his race and treated him less favorably than similarly situated Caucasian employees, including, but not limited to Mr. Thompson. Upon information and belief, Defendant tolerated multiple instances of violent and threatening behavior by Mr. Thompson because he is Caucasian, behavior he would have been terminated for if he was African American.

56. Upon information and belief, Defendant engaged in a pattern and practice of race discrimination.

57. This disparate treatment was unlawful pursuant to O.R.C. § 4112.02, as amended.

58. As a direct and proximate result of Defendant's unlawful discriminatory conduct, Plaintiff has been injured and is entitled to damages.

## COUNT III
### Negligent Hiring/Supervision/Retention

59. Plaintiff realleges the foregoing paragraphs as if fully rewritten herein.

60. Based upon his lengthy, documented history of violent and threatening workplace behavior, including his repeated conduct towards Plaintiff, Mr. Thompson was not competent to be employed by Defendant.

61. Mr. Thompson's documented history of violent and threatening behavior and Plaintiff's complaints regarding Mr. Thompson's behavior demonstrates that Defendant had actual or constructive knowledge since at least 2014 that Mr. Thompson was not competent to remain employed.

62. Mr. Thompson's above-described conduct directed at Plaintiff, including his verbal and physical assault against Plaintiff on March 16, 2021, and Defendant's continued negligent employment of Mr. Thompson was the proximate cause of injury to Plaintiff including, but not limited to, the loss of Plaintiff's job and emotional damage because of being forced to work with a violent and threatening co-worker for many years.

63. Defendant knew or should have known that its negligence in hiring, supervising, and retaining Mr. Thompson created an unsafe workplace for Plaintiff and others.

64. As a direct and proximate result of the failures and omissions noted above, Defendant caused Plaintiff to suffer damages for which he is entitled to recovery.


**WHEREFORE**, Plaintiff demands judgement against Defendant as follows:

(a) That Plaintiff be reinstated to his employment effective March 16, 2021, or in the alternative be awarded front pay;

(b) That Plaintiff be awarded all lost pay and benefits;

(c) That Plaintiff be awarded compensatory damages, including for emotional distress;

(d) That Plaintiff be awarded punitive damages;

(e) That Plaintiff be compensated for adverse tax consequences of receiving a lump sum rather than compensation over several tax years;

(f) That Plaintiff be awarded reasonable attorney's fees and costs; and

(g) That Plaintiff be awarded all other legal and equitable relief to which he may be entitled.

          Respectfully submitted,

          /s/ *George M. Reul, Jr.*
          George M. Reul, Jr.
          Trial Attorney for Plaintiff
          FREKING MYERS & REUL LLC
          600 Vine Street, 9th Floor
          Cincinnati, OH 45202
          PH: (513)721-1975 / FX: (513)651-2570
          *greul@fmr.law*

## JURY DEMAND

Plaintiff hereby demands a trial by jury on all issues so triable.

          /s/ *George M. Reul, Jr.*