**IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF OHIO
WESTERN DIVISION**

| | |
|---|---|
| **WILLIE GRIFFIN,** | : |
| Plaintiff, | : |
| v. | Case No. 1:22-cv-00270-TSB |
| **SIEMENS INDUSTRY, INC.,** | Judge Timothy S. Black |
| Defendant. | |

**STIPULATED PROTECTIVE ORDER**

The parties to this action, Plaintiff Willie Griffin and Defendant Siemens Industry, Inc., (hereinafter referred to collectively as the "Parties," or singularly as a "Party") and, by their respective counsel, hereby stipulate and request that the Court enter a mutual Protective Order pursuant to Fed. R. Civ. P. 26 as follows:

1. The Protective Order shall be entered pursuant to the Federal Rules of Civil Procedure.

2. The Protective Order shall govern all materials deemed to be "Confidential Information." Such Confidential Information shall include the following:

    (a) Any and all documents from the personnel files of any of Defendant's current and/or former employees, including documents related to an individual's job performance; disciplinary action, wages or benefits; medical information, social security number; birthdate; contact information (*e.g.,* addresses, telephone numbers, and/or email addresses); and anything prepared for, derived from or incorporating the foregoing;

      (b)      Any documents containing Defendant's confidential, proprietary, and/or trade secret information.

3. A Party may designate documents and/or portions of documents containing Confidential Information by placing the word "CONFIDENTIAL" on the face of the document and each page so designated.

4. Inadvertent or prior production of any document and/or information without a designation of "CONFIDENTIAL" will not be deemed to waive a Party's claim to its confidential nature or prohibit any Party from subsequently designating said document or information as "CONFIDENTIAL."  Rather, documents produced but not stamped as "CONFIDENTIAL," may retroactively be so stamped and shall not be construed to be a waiver, in whole or in part, of that Party's claims of confidentiality.  However, disclosure by the other Party prior to such later designation shall not be deemed a violation of the provisions of this Order.

5. Confidential Information shall be held in confidence by each qualified recipient to whom it is disclosed, shall be used only for purposes of this action, shall not be used for any business purpose, and shall not be disclosed to any person who is not a qualified recipient.  All produced Confidential Information shall be carefully maintained so as to preclude access by persons who are not qualified recipients.

6. Qualified recipients shall include only the following:

      (a)      In-house counsel and law firms for each Party and the secretarial, clerical, and paralegal staff of each;

      (b)      Court reporters (including videographers) and their staff;

      (c)      Persons other than legal counsel who have been retained or specially employed by a Party to conduct investigative work or fact research;

(d) Persons retained by either Party (and their employees) to furnish expert services or advice or to give expert testimony in this action;

(e) Deponents during the course of their depositions;

(f) Potential witnesses in this case;

(g) The parties to this litigation, their officers, and employees;

(h) Outside photocopying, data processing or graphic production services employed by the parties or their counsel to assist in this Proceeding; and

(i) The Court, Court personnel and jurors.

7. Each counsel shall be responsible for providing notice of the Protective Order and the terms therein to the qualified recipients to whom they disclose Confidential Information, including the fact that Confidential Information shall not be disclosed outside this litigation. Deponents may be shown Confidential Information during their deposition but shall not be permitted to keep copies of said Confidential Information nor any portion of the deposition transcript reflecting the Confidential Information.

8. If either Party objects to the other Party's contention that information should be deemed CONFIDENTIAL, that Party's counsel shall inform opposing counsel in writing within thirty (30) days of receipt of the Confidential Information that the information should not be so deemed, and the parties shall attempt first to dispose of such disputes in good faith and on an informal basis. If the Parties are unable to resolve their dispute, they must request a telephonic conference with the Court for assistance in resolving the dispute prior to filing any motion with the Court objecting to such status. The information shall continue to be treated as Confidential Information during the pendency of any such motion.

9. If a Party desires to use Confidential Information in a Court filing that was marked CONFIDENTIAL by the opposing party, the Party seeking to file the Confidential Information must, at the earliest foreseeable opportunity, request consent from the opposing party to file the material in its un-redacted state prior to filing it.  If consent is not obtained, then the filing Party may file the document with the Confidential Information redacted or file the document under seal in accordance with the Court's procedures for filing sealed documents.

10. In the event a party seeks to file with the Court any Confidential Information subject to protection under this Order, that party must take appropriate action to ensure that the document receives proper protection from public disclosure, including: (a) filing a redacted document with the consent of the party who designated the document as confidential; (b) where appropriate (e.g., in relation to discovery and evidentiary motions), submitting the document solely for in camera review; or (c) when the preceding measures are inadequate, seeking permission to file the document under seal by filing a motion for leave to file under seal.

11. Any motion to file a document subject to this Order under seal must meet the Sixth Circuit's standard set forth in *Shane Group, Inc. v. Blue Cross Blue Shield of Michigan*, 825 F.3d 299 (6th Cir. 2016). The burden of demonstrating the need for and appropriateness of a sealing order is borne by the moving party, and requires the moving party to analyze in detail, document by document, the propriety of secrecy, providing reasons and legal citations. Regardless of whether the parties agree, it remains the Court's independent obligation to determine whether a seal is appropriate for any given document or portion thereof. Any proposed sealing, even when compelling reasons exist, must be narrowly tailored to serve the compelling reasons.

12. When a party to this Order seeks to file documents which it believes may warrant sealing, but is not the party who may be prejudiced by the document or documents becoming part

of the public record, the filing party shall provide the potentially-prejudiced party or parties, or any potentially-prejudiced third party or parties, with written notification of its intent to file such documents at least (14) fourteen days before doing so. After being provided such notice, the potentially harmed party or parties will then have (7) seven days to file with the Court a motion for sealing. The Court will rule on the motion as promptly as possible.

13. The production of any information claimed to be subject to the attorney-client privilege, the work-product doctrine, or any other privilege is not a waiver of that privilege or protection and the Parties agree there is no need to demonstrate that the disclosure was inadvertent or that reasonable steps were taken to prevent such disclosure. If a claim of inadvertent production is made pursuant to this Paragraph, the Claiming Party shall notify the Receiving Party in writing, and the Parties agree that the document or information will be returned, and all copies, notes, quotations or summaries thereof will be destroyed within five (5) days. This Order shall be interpreted to provide the maximum protection allowed by Federal Rule of Evidence 502(d). The provisions of this Paragraph shall not be deemed to prevent any Party from seeking an order compelling production of any document or information, including documents or information contained in documents that are returned as a result of a claim of inadvertent production.

14. The termination of this action shall not relieve the Parties and persons obligated hereunder from their responsibility to maintain the confidentiality of information designated CONFIDENTIAL pursuant to this Order.

15. Upon termination of this action by entry of a final judgment (inclusive of any appeals or petitions for review), the Parties may request the return of all previously furnished Confidential Information, including any copies thereof, and each person or Party to whom such Confidential Information has been furnished or produced shall be obligated to return it within thirty

(30) days of said request.

16. Nothing in this Order shall be construed as an admission as to the relevance, authenticity, foundation or admissibility of any document, material, transcript, or other information.

17. Nothing in the Protective Order shall be deemed to preclude any Party from seeking and obtaining, on an appropriate showing, a modification of this Order.

STIPULATED TO THIS 22ND DAY OF SEPTEMBER 2022.

Respectfully submitted,                                     Respectfully submitted,

*/s/ George M. Reul, Jr.* (by permission)          */s/ Angelique Paul Newcomb*
George M. Reul, Jr. (0069992)                          Angelique Paul Newcomb (0068094)
*Trial Attorney for Plaintiff*                                *Trial Attorney for Defendant*
FREKING MYERS & REUL LLC                       LITTLER MENDELSON, P.C.
600 Vine Street, 9th Floor                                  41 S. High Street, Suite 3250
Cincinnati, OH 45202                                         Columbus, OH 43215
Telephone: 513.721.1975                                  Telephone: 614.463.4246
Fax: 513.651.2570                                              Facsimile: 614.559.6673
Email: greul@fmr.law                                         Email: anewcomb@littler.com

*Attorney for Plaintiff*                                          *Attorney for Defendant*

IT IS SO ORDERED.

Date:     9/22/2022                                    *s/Timothy S. Black*
                                                                   Judge Timothy S. Black

4862-0310-2769.2 / 067219-1098

6